108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shawn O'GUINN, Plaintiff-Appellant,
v.
COUNTY OF SANTA CLARA, Defendant-Appellee.
 No. 95-17201.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Former California pretrial detainee Shawn O'Guinn appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendant County of Santa Clara was deliberately indifferent to his serious medical needs after he slipped and fell on a puddle of water at the Elmwood Jail. O'Guinn also sought relief under Cal.Gov't Code § 845.6 for the County's alleged failure to seek immediate medical care for his injuries. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990), and we affirm.
 
 
 3
 O'Guinn contends that the district court erred by granting summary judgment on his deliberate indifference[1] and section 845.6 claims.[2] These contentions lack merit.
 
 
 4
 Here, O'Guinn failed to establish a basis to hold the County liable under section 1983. See Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir.1992) (per curiam) (explaining what a section 1983 plaintiff must demonstrate to establish municipal liability). O'Guinn also failed to establish a triable issue of material fact regarding whether County employees knew or should have known that his alleged injuries required immediate medical attention. See Watson v. State, 21 Cal.App.4th 836, 841-42 (Cal.Ct.App.1993); Cal.Gov't Code § 845.6. Accordingly, we affirm the district court's summary judgment for the County. See White, 901 F.2d at 1503.
 
 
 5
 We do not address O'Guinn's remaining contentions, because he raises them for the first time on appeal. See United States v. Cupa-Guillen, 34 F.3d 860, 863-64 (9th Cir.1994), cert. denied, 115 S.Ct. 921 (1995).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although O'Guinn characterized this claim as an Eighth Amendment issue, we note that, as a pretrial detainee, O'Guinn's claim was actually premised upon the Fourteenth Amendment's Due Process Clause. See Redman v. County of San Diego, 942 F.2d 1435, 1442-43 (9th Cir.1991) (en banc)
 
 
 [2]
 Section 845.6 of the Cal.Gov't Code provides, in relevant part, that "a public entity ... is liable if [its] employee knows or has reason to know that [a] prisoner is in need of immediate medical care and [the employee] fails to take reasonable action to summon such medical care." Cal.Gov't Code § 845.6 (West 1995)